UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL WILSON,

                        Plaintiff,                        COMPLAINT

    - against -                       Index No.:   06-CV-4623

MALCA-AMIT USA, LLC,                Jury Trial Demanded

                      Defendant.
------------------------------------------------------------X

Plaintiff, **MICHAEL WILSON**, by and through his attorneys, **FRANK & ASSOCIATES, P.C.**, complains and alleges as follows:

## I. NATURE OF THE ACTION

1. Plaintiff brings this action to recover monetary, affirmative and injunctive relief based upon Defendant's violations of the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law, Executive Law § 296 *et. seq.* ("NYSHRL"), the New York City Human Rights Law. N.Y.C. Adm. Code § 8-101, *et. seq.* ("NYCHRL"), Common Law Breach of Contract, and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

1

3. This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful discriminatory conduct and violations alleged herein occurred within New York County in the State of New York.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

6. Plaintiff, **MICHAEL WILSON** ("Plaintiff"), is a male citizen of the State of New York, currently residing in the County of Queens.

7. At all times relevant, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(3); 28 USC § 203(e) and NYSHRL § 292(6).

8. At all times relevant, Plaintiff is and was a "person" within the meaning of NYSHRL § 292(1) and NYCHRL § 8-102(1).

9. At all times relevant, Plaintiff suffered from a "serious health condition" within the meaning of 29 U.S.C. § 2611(11).

10. At all times relevant, Plaintiff suffered from a "disability" within the meaning of NYSHRL § 292(21) and NYCHRL § 8-102(16).

11. Upon information and belief, Defendant, **MALCA-AMIT USA, LLC** ("Defendant") is a foreign limited liability company organized and existing under the laws of the State of Delaware with an office for the conduct of its business in the County of New York at 580 Fifth Avenue, New York, New York.

12.     Upon information and belief, at all times relevant, Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A), NYSHRL § 292(5) and NYCHRL § 8-102(5).

13.     Upon information and belief, at all times relevant, Defendant employed more than fifty (50) employees.

14.     Plaintiff was unlawfully terminated after he was granted leave, but before the expiration of the leave, and due to his disability.

## IV. FACTS

14.     Plaintiff commenced employment with Defendant on or about September 7, 2005.

15.     On or about December 19, 2005, Plaintiff advised Defendant he would be unable to work due to a medical problem. Plaintiff requested disability leave.

16.     On or about December 22, 2005, the leave was granted and Defendant responded to Plaintiff's "request for and designation of family or medical leave." Defendant approved Plaintiff for such leave, effective December 23, 2005, subject to medical certification from his physician.

17.     Medical certification was submitted to Defendant.

18.     On or about February 23, 2006, Plaintiff received medical clearance to return to work full duty, as of March 16, 2006.

19.     On or about March 16, 2006, Plaintiff advised Defendant he was able to return to normal employment.

20.     On or about March 17, 2006, Plaintiff received a letter from Defendant stating his employment was terminated as of March 17, 2006.

21. Under Defendant's written policy, Plaintiff was entitled to return to his "previous or a similar position" upon the expiration of the medical leave. See Exhibit A.

22. Defendant unlawfully terminated Plaintiff's employment in retaliation for taking the approved leave of absence.

23. The termination of Plaintiff's employment by Defendant, and Defendant's failure to reinstate Plaintiff to his former position or a substantially equivalent position was discriminatory and unlawful in that it violated the FMLA, NYSHRL and NYCHRL, and constituted a breach of contract which guaranteed Plaintiff reemployment at the conclusion of his leave.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (FMLA VIOLATION)

24. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

25. On or about March 17, 2006, Defendant terminated Plaintiff's employment as retaliation for taking a leave of absence for medical treatment.

26. The conduct of the Defendant was done in willful and conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to: (a) equitable and injunctive relief restoring Plaintiff to his position with Defendant; (b) an award of lost wages and supplemental employment benefits; (c) liquidated damages in an additional amount equal to actual lost wages and benefits plus interest; and (d) reasonable attorneys' fees, costs and disbursements, all in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## (NYSHRL – TERMINATION FOR DISABILITY)

27. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

28. Plaintiff has discriminated against Defendant by terminating his employment on the basis of his disability in violation of the NYSHRL.

29. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other supplemental employment benefits in an amount to be determined at trial, but in no event less than $75,000.00.

30. As a further proximate cause of Defendant's discrimination, Plaintiff suffered and continues to suffer severe and lasting mental and physical anguish and other incidental and consequential damages, in an amount to be determined at trial, but in no event less than $500,000.

31. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to equitable and injunctive relief restoring Plaintiff to his position with Defendant and an award of compensatory damages, in an amount to be determined at trial, but in no event less than $500,000.

## THIRD CLAIM FOR RELIEF
## (NYCHRL – TERMINATION FOR DISABILITY)

32. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

33. Plaintiff has discriminated against Defendant by terminating his employment on the basis of his disability in violation of the NYCHRL.

34. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other supplemental employment benefits in an amount to be determined at trial, but in no event less than $75,000.00.

35. As a further proximate cause of Defendant's discrimination, Plaintiff suffered and continues to suffer severe and lasting mental and physical anguish and other incidental and consequential damages, in an amount to be determined at trial, but in no event less than $500,000.

36. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to equitable and injunctive relief restoring Plaintiff to his position with Defendant, an award of compensatory and punitive damages, attorneys' fees, costs and disbursements, in an amount to be determined at trial, but in no event less than $500,000.

### FOURTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

37. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

38. Plaintiff was granted medical leave pursuant to Defendant's written policy and agreement.

39. Under Defendant's written policy, Plaintiff was to be restored to his "previous or a similar position" upon his return from medical leave.

40. By granting Plaintiff medical leave, Plaintiff relied on Defendant's policy and written agreement.

41. Defendant violated its agreement when it terminated Plaintiff upon his return from approved medical leave.

42. As a result, Defendant breached its contract with Plaintiff.

43. As a proximate result of Defendant's conduct, Plaintiff is entitled to actual damages equal to lost wages and supplemental employment benefits, in an amount to be determined at trial.

## VI. DEMAND FOR JURY TRIAL

44. Plaintiff repeats and realleges each and every allegation contained herein.

45. Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment as follows:

a. Declaring Defendant violated the aforementioned statutes;

b. A permanent injunction enjoining Defendant, its agents, employee, officers and successors in interest and those acting in concert with Defendant, from engaging in the illegal and unlawful policies and violations of law and breach of contract described herein;

c. As to the First Claim for Relief: (a) equitable and injunctive relief restoring Plaintiff to his position with Defendant; (b) an award of lost wages and supplemental employment benefits; (c) liquidated damages in an additional amount equal to actual lost wages and benefits plus interest; and (d) reasonable attorneys' fees, costs and disbursements, all in an amount to be determined at trial.

  d. As to the Second and Third Claims for Relief: (a) equitable and injunctive relief restoring Plaintiff to his position with Defendant; (b) actual damages for withheld past and future earnings until the date of Plaintiff's reinstatement to his job or a substantially equivalent position, bonuses and other supplemental employment benefits; and (c) incidental, consequential and compensatory damages, all in an amount to be determined at trial;

  e. As to the Third Claim for Relief: (a) punitive damages; and (b) attorneys' fees, costs and disbursements, all in an amount to be determined at trial;

  f. As to the Fourth Claim for Relief: (a) actual damages equal to lost wages and supplemental employment benefits, in an amount to be determined at trial;

  g. With regard to all claims for relief, ordering Defendant to pay Plaintiff pre and post judgment interest;

  h. For such other and further relief as the Court may deem just and proper.

Dated: Farmingdale, New York
   June 8, 2006

         FRANK & ASSOCIATES, P.C.
         Attorneys for Plaintiff

         By: *Pamela J. Eisner*
         Pamela J. Eisner (PE – 5678)
         500 Bi-County Blvd., Suite 112N
         Farmingdale, New York 11735
         (631) 756-0400

**EXHIBIT A**

Malca-Amit USA LLC and Affiliated Companies
Employee Handbook

# 13. LEAVES OF ABSENCE

The company provides for two types of Leaves of Absence. Each type of leave will be discussed individually in this chapter.
- Medical
- Family Care

## 13.1. Medical Leaves of Absence

Paid time off is provided under the Medical Leave Policy when an employee is medically unable to work.
- *When Eligible:* Upon employment.
- *Length of Leave:* For the period of disability up to one year, but not to exceed the employee's length of service.
- *Retention of Position:* Return to previous or a similar position.
- *Benefits:* Company contributions for employee benefits will be continued. Employees will continue appropriate payment for their cost of coverage, if applicable.
- *Pay:* Employees will be paid in accordance with the Sick Leave Payment Schedule. Employees are expected to use all available sick days. If Medical Leave extends beyond allotted sick days, vacation time may be used. Following this, additional Leave is unpaid. (In this case, employee should contact Human Resources department for information on state insurance fund).

| IF... | AND... | THEN... |
|---|---|---|
| An employee returns to work from an approved Medical Leave and performs the full duties of the job for thirty (30) or more consecutive days | Subsequently goes on Medical Leave for the same or different disability | The employee will be eligible to receive full benefits under the Sick Leave payment schedule. |

## 13.2. Family Care Leave of Absence

Consistent with its Work and Family Initiative, The Company recognizes that its employees occasionally may need to take leave for family reasons and desires to accommodate eligible employees. The Company will provide eligible employees up to 12 weeks of unpaid leave during a 12 month period. This policy assures employees' job security.

Page 28